**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

DANNY GARRETT, ANDREW CARVER,
DEVON STINSON, JOHN SNEATHEN,
BRIAN MCCARTY, MATT LANGLITZ,
RICHARD CAGE, ISAAC FLORES,
ELIZABETH FERRALES, BRANDON SKINNER,
HOYT MACIAIN,

and

ERIN GARRETT, CANDICE CARVER,
LACY MCCARTY, and
KRYSTLE LANGLITZ,

     Plaintiffs,

v.                                         Civ. No. 25-1066 GJF/KRS

CITY OF CARLSBAD and
JESSIE RODRIGUEZ, in his individual capacity
and in his capacity as Chief of Police,

     Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS'**
**MOTION TO DISMISS LOSS OF CONSORTIUM CLAIMS**

THIS MATTER is before the Court upon Defendants' Motion to Dismiss Loss of Consortium Claims (Dkt. No. 20) ("Motion"). The Motion is fully briefed. *See* Dkt. No. 28 (Response), Dkt. No. 48 (Reply). For the reasons stated below, the Court **GRANTS** the Motion and **DISMISSES** Plaintiffs Erin Garrett, Candice Carver, Lacey McCarty, and Krystle Langlitz's claims, in Count IV of the Second Amended Complaint, for loss of consortium.

## I.   PROCEDURAL BACKGROUND

On October 27, 2025, fifteen plaintiffs filed a Complaint against Defendants City of Carlsbad and Jessie Rodriguez, in both his individual capacity and his capacity as Chief of Police of the Carlsbad Police Department ("CPD"). Dkt. No. 1. Plaintiffs fall into either of two categories:

1

the first ten are former CPD officers, and the remaining five are spouses of five of the former CPD officers. The initial complaint included three counts. In Count One, the former officer plaintiffs asserted claims for retaliation and constructive discharge under 42 U.S.C. § 1983. In Count Two, the former officer plaintiffs asserted a claim for breach of implied contract. Finally, in Count Three, the five spouses of former officer plaintiffs asserted a claim for loss of consortium.

A few months after the filing of the initial complaint, and after Defendants had answered (*see* Dkt. No. 7), Defendants filed the instant Motion seeking dismissal of the loss of consortium claim. Dkt. No. 20. Before responding to that Motion, Plaintiffs moved to amend their complaint to add an additional party and an additional claim. Dkt. No. 27 at 1. Around the same time, Plaintiffs responded in opposition to Defendants' Motion to Dismiss Loss of Consortium Claims. Dkt. No. 28. In Plaintiffs' Motion to Amend, Plaintiffs' counsel represented that she conferred with Defense counsel and was advised that Defendants "take[] no position" on the Motion to Amend. Dkt. No. 27 ¶ 9. Accordingly, the Court granted the Motion to Amend as unopposed (Dkt. No. 29), and that same day, Plaintiffs filed their First Amended Complaint, adding a named plaintiff and a claim of intentional infliction of emotional distress (Dkt. No. 30).

In the months that followed, two Plaintiffs (one former officer and one spouse of a former officer) dismissed with prejudice their claims against Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Dkt. No. 36. In addition, Plaintiffs again amended their complaint to add another former officer as a named plaintiff. *See* Dkt. Nos. 46–47, 50.

The now-operative Second Amended Complaint ("SAC") asserts claims by eleven former CPD officers ("Officer Plaintiffs") for retaliation and constructive discharge under § 1983 (Count I), breach of implied contract (Count II), and intentional infliction of emotional distress (Count

2

III).  The SAC also retains a claim by four spouses of former officer plaintiffs ("Spouse Plaintiffs") for loss of consortium (Count IV).

Four days after the Court granted leave to Plaintiffs to file their SAC, Defendants filed a reply in support of their Motion to Dismiss Loss of Consortium Claims. *Compare* Dkt. No. 47, *with* Dkt. No. 48.

## II.  LEGAL STANDARD

"In an ordinary civil action, the Federal Rules of Civil Procedure require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In other words, "the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). "To survive a Rule 12(b)(6) motion," *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020), a claim for relief must "contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face," *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)). The Court must "'assume the veracity' of the well-pleaded factual allegations 'and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1195 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## III. DISCUSSION

In their Motion to Dismiss, Defendants make two arguments. First, they contend that the Spouse Plaintiffs' loss of consortium claim is not cognizable under § 1983. In support, they observe that "[t]he Tenth Circuit has squarely rejected consortium-type claims under § 1983, holding that familial and spousal relationship injuries, standing alone, do not give rise to

3

constitutional liability absent a direct and intentional deprivation of the claimant's own constitutional rights." Dkt. No. 20 at 2 (citing *Trujillo v. Bd. of Cnty. Comm'rs of Santa Fe Cnty.*, 768 F.2d 1186, 1189–90 (10th Cir. 1985)). Noting that Spouse Plaintiffs do not allege that Defendant Rodriguez intended to interfere with their marital relationships, Defendants insist that Plaintiffs fail to state a viable claim for loss of consortium under § 1983. *Id*. In response, Spouse Plaintiffs "concede this argument." Dkt. No. 28 at 2.

Second, Defendants contend that Spouse Plaintiffs fail to state a claim for loss of consortium because such claims can only derive from personal injury torts, not from purely economic or contractual harms, such as the breach of implied contract claim asserted in Plaintiffs' initial complaint.[1] Dkt. No. 20 at 2–3. In response, Spouse Plaintiffs insist that their loss of consortium claim is derivative of the intentional infliction of emotional distress claim included in subsequent iterations of their complaints. Dkt. No. 28 at 2. Acknowledging that they did not initially assert such a claim, Plaintiffs emphasize that "[a] derivative claim for loss of consortium damages need not be brought along with the underlying tort claim because loss of consortium claimants suffer a direct injury separate from the physical injury to another." *Id*. at 4 (quoting *Thompson v. City of Albuquerque*, 397 P.3d 1279 (N.M. 2017)). Thus, Plaintiffs contend that, even before they specifically pled a claim for intentional infliction of emotional distress, as they have now, Officer Plaintiffs "made it clear in the[] fact section of the complaint that they suffered emotional and physical harm at the hands of the Defendants" such that Spouse Plaintiffs' loss of consortium claim was derivative of that underlying tortious conduct. *Id*. at 4–5. Plaintiffs suggest that "[e]ven without the Intentional Infliction of Emotional Distress claim being filed, since it is an established tort under New Mexico state law, [Spouse] Plaintiffs are entitled to the derivative

---

[1] At the time Defendants advanced this argument, the operative iteration of Plaintiffs' complaint did not yet include a claim for intentional infliction of emotional distress. *See* Dkt. No. 1.

4

claim of loss of consortium under that theory of liability." *Id*. at 5 (citing *Trujillo v. N. Rio Arriba Elec. Co-op, Inc*., 41 P.3d 333, 343 (N.M. 2002)).

In reply, Defendants insist that Spouse Plaintiffs' loss of consortium claim may not derive from an intentional infliction of emotional distress claim or theory, because there is no applicable waiver of immunity for such a tort under the New Mexico Tort Claims Act ("NMTCA"). As explained below, the Court agrees.

To begin, the New Mexico Supreme Court has held that a "[l]oss of consortium is a claim for damages deriving from a tort upon another [that] may be brought as an independent claim for damages to a sufficiently close relationship." *Thompson*, 397 P.3d at 1281. Yet, when asserted against a New Mexico government actor, a loss of consortium claim implicates sovereign immunity. *See id*. at 1281–82. This is because the NMTCA waives the immunity of local governments and their employees only as to certain claims. *See* N.M. Stat. Ann. §§ 41-4-4 to 41-4-12 (1978).

The New Mexico Supreme Court has held that immunity may be waived for loss of consortium damages under some circumstances. *See Thompson*, 397 P.3d at 1282. Importantly, though, this is only the case when "the underlying tort—the one that caused direct physical injury—itself triggers an immunity waiver." *Id*. at 1281–82 (quoting *Williams v. Bd. of Regents of the Univ. of N.M.*, No. CIV 13-0479 JB/WPL, 2014 WL 4351533, at *11 n.8 (D.N.M. Aug. 18, 2014)). Thus, the Court must determine here whether Spouse Plaintiffs' claim for loss of consortium damages derives from a tort enumerated in the NMTCA, and, if not, those claims must be dismissed. *See id.*

For their part, Plaintiffs contend that because intentional infliction of emotional distress is itself an "established tort" under New Mexico state law, Spouse Plaintiffs are therefore "entitled

to the derivative claim of loss of consortium under that theory of liability." Dkt. No. 28 at 5 (citing *Trujillo*, 41 P.3d 343). But in so arguing, Plaintiffs fail to identify any waiver of immunity for the underlying tort of intentional infliction of emotional distress. And once again, a loss of consortium claim may *only* be asserted against a New Mexico government actor if the underlying tort or tortious conduct—here, the tort of intentional infliction of emotional distress—triggers an immunity waiver. *See Thompson*, 397 P.3d at 1282.

Having reviewed the waivers of immunity set forth in §§ 41-4-5 to 41-4-12, the Court is unable to identify any applicable waiver. Indeed, this Court has previously observed that the NMTCA does *not* waive immunity for the unenumerated tort of intentional infliction of emotional distress. *Griffin v. City of Artesia*, Civ. No. 23-215 GJF/JHR, 2023 WL 5337133, at *4 (D.N.M. Aug. 18, 2023) (citation omitted) (discussing N.M. Stat. Ann. § 41-4-12, which provides that the NMTCA waives immunity for a law enforcement officer who is sued for actions within the scope of his duties for "personal injury, bodily injury, . . . false imprisonment, false arrest, malicious prosecution . . . or any other deprivation of rights, privileges or immunities" secured by the federal or state constitutions); *see also McDowell v. Rio Rancho Police Dep't*, No. 1:20-cv-00153 RB/KK, 2021 WL 1534179 (D.N.M. Apr. 19, 2021) (holding that the NMTCA does not waive immunity for intentional infliction of emotional distress); *Salazar v. San Juan Cnty. Det. Ctr.*, Nos. CIV 15-0417 JB/LF, CIV 15-0439 JB/LF, CIV 15-0497 JB/LF, CIV 15-0526 JB/LF, 2016 WL 5376320, at *10–11 (D.N.M. Sept. 20, 2016) (same).

Ultimately, because Spouse Plaintiffs have conceded that their loss of consortium claim is not cognizable under § 1983, and because they have failed to otherwise identify a claim of underlying tortious conduct on which their loss of consortium claim is properly predicated and for which immunity has been waived, they fail to state a plausible claim for loss of consortium.

6

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Loss of Consortium Claims (Dkt. No. 20) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs Erin Garrett, Candice Carver, Lacey McCarty, and Krystle Langlitz's claim for loss of consortium in Count IV of their Second Amended Complaint is **DISMISSED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*